IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| ABRAHAM SPOTTED ELK,<br><br>Petitioner,<br><br>vs.<br><br>PETER BLUDWORTH,[1]<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA<br><br>Respondents. | Cause No. CV 23-102-BLG-SPW<br><br><br>ORDER |

This case comes before the Court on an amended petition filed pursuant to

28 U.S.C. § 2254 by Petitioner Abraham Spotted Elk ("Spotted Elk").   (Doc. 4.)

Spotted Elk filed a previous petition with this Court challenging his November

2016 convictions for Assault on a Peace Officer and Criminal Endagerment,

handed down in Montana's Thirteenth Judicial District, Yellowstone County. The

prior petition was denied as procedurally defaulted without excuse. *See*

---

[1] The Court has amended the caption to add Warden Bludworth as a respondent. Spotted Elk is incarcerated at Crossroads Correctional Center.   Under 28 U.S.C. § 2254, a petitioner must generally name his or her immediate custodian as the respondent and file in the district of confinement. *See, e.g., Rumsfeld v. Padilla*, 524 U.S. 426, 439 (2004); *see also* Rules 1(b) & 2(a) of the Rules Governing § 2254 Cases in United States District Courts (petitioner must name state officer with custody over them). Warden Bludworth is Spotted Elk's immediate custodian and a proper respondent.

1

*Spotted Elk v. State*, Cause No. CV 18-67-BLG-SPW, Or. (D. Mont. Oct. 25, 2019).

Spotted Elk advances an argument similar to that previously presented. He challenges the legality of his state court conviction and alleges state district court Judge Souza was biased against him and treated him unfairly. (*See* Doc 4 at 9, 11-12.) Spotted Elk asserts he is not guilty of his crimes of conviction and asks this Court to grant him a new trial. (*Id.* at 12.)

## I.     Second or Successive Petition

As set forth above, Spotted Elk previously challenged the manner in which he was prosecuted and sentenced. Regarding his claim of bias on the part of Judge Souza, this Court previously found that there was nothing in the record to support Spotted Elk's belief that Judge Souza had given undue weight to his 1980 sexual assault conviction while imposing Spotted Elk's 2016 sentence. *See Spotted Elk*, Cause No. CV 18-67-BLG-SPW, Or. at 4 (D. Mont. Oct. 25, 2019). Moreover, Spotted Elk was aware of this potential sentencing issue and gave no justifiable cause for his failure to raise such claim before the Montana Supreme Court; accordingly, the claim was defaulted without excuse. *Id.* at 4-5.

At this juncture, however, the repetitive nature of Spotted Elk's claim matters not. This Court lacks jurisdiction to hear a second petition unless Spotted Elk first obtains authorization from the Court of Appeals to file a second habeas

petition in this Court. 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). To the extent Spotted Elk intends to make any new arguments in his present petition, he may attempt to present those arguments to the Court of Appeals. As it stands, his present petition is an unauthorized second/successive petition and must be dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 149.

This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). Spotted Elk is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Until Spotted Elk obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to hear his claims.

3

*Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

## II.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

### ORDER

1. Spotted Elk's Amended Petition (Doc. 4) is **DISMISSED** for lack of jurisdiction. Absent leave from the Ninth Circuit, Spotted Elk should refrain from making further challenges to his 2016 state convictions.

2. The Clerk of Court is directed to enter, by separate document, a

4

judgment of dismissal.

    3. A certificate of appealability is DENIED.

DATED this 27th day of October, 2023.

                    Susan P. Watters
                    United States District Court Judge